Able Med. Transp., Inc. v Paragon Envtl. Constr., Inc. (2021 NY Slip Op 02687)





Able Med. Transp., Inc. v Paragon Envtl. Constr., Inc.


2021 NY Slip Op 02687


Decided on April 30, 2021


Appellate Division, Fourth Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on April 30, 2021
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Fourth Judicial Department

PRESENT: CENTRA, J.P., NEMOYER, WINSLOW, AND BANNISTER, JJ.


943 CA 20-00112

[*1]ABLE MEDICAL TRANSPORTATION, INC., AND WILLIAM TADDEO, INDIVIDUALLY, AND AS SOLE SHAREOWNER OF ABLE MEDICAL TRANSPORTATION, INC., PLAINTIFFS-RESPONDENTS,
v
PARAGON ENVIRONMENTAL CONSTRUCTION, INC., DEFENDANT-APPELLANT. 






SMITH, SOVIK, KENDRICK & SUGNET, P.C., SYRACUSE (MARLA RAUS OF COUNSEL), FOR DEFENDANT-APPELLANT. 
THE MATHEWS LAW FIRM, SYRACUSE (DANIEL F. MATHEWS, III, OF COUNSEL), FOR PLAINTIFFS-RESPONDENTS. 


 Appeal from an order of the Supreme Court, Onondaga County (Anthony J. Paris, J.), entered January 13, 2020. The order, insofar as appealed from, denied defendant's motion for summary judgment dismissing the complaint and granted in part plaintiffs' cross motion for partial summary judgment. 
It is hereby ORDERED that the order insofar as appealed from is unanimously reversed on the law without costs, the cross motion is denied in its entirety, the motion is granted and the complaint is dismissed.
Memorandum: Plaintiffs commenced this action seeking damages for purely economic losses alleged to have resulted from a motor vehicle accident involving an employee of plaintiff Able Medical Transportation, Inc. (Able Medical) and an employee of defendant. During the incident, defendant's employee was standing on the shoulder of an interstate highway after having pulled over the 10-wheel dump truck he was driving because two rear wheels had fallen off of it. Meanwhile, an employee of Able Medical was driving a van owned by Able Medical, and the van struck one of the wheels that had fallen off of the dump truck, and then struck defendant's employee. Defendant's employee commenced an action against, inter alia, Able Medical, and that action was settled for a sum of $900,000. In this action, plaintiffs alleged in their complaint that the settlement in defendant's employee's action resulted in an unsustainable increase in insurance premiums that eventually caused plaintiffs to close their business. Defendant moved for summary judgment dismissing the complaint on the ground that, inter alia, defendant did not proximately cause plaintiffs' alleged injuries, and plaintiffs cross-moved for partial summary judgment on the issue of liability. Defendant now appeals from an order to the extent that it denied its motion and granted plaintiffs' cross motion in part. We reverse the order insofar as appealed from.
Defendant met its initial burden on its motion by establishing as a matter of law that plaintiffs' alleged economic damages resulting from Able Medical having gone out of business were not proximately caused by defendant's alleged negligent maintenance of its truck (see generally Williams v State of New York, 18 NY3d 981, 982-984 [2012], rearg denied 19 NY3d 956 [2012]). Here, plaintiffs' theory of causation is based on a lengthy chain of events spanning the course of two and a half years. In their complaint, plaintiffs alleged that defendant failed to maintain its truck, that rear wheels fell off of the truck causing a motor vehicle accident, that the accident resulted in a lawsuit, and that the settlement of the lawsuit ultimately resulted in an increase in insurance premiums for plaintiffs, which caused plaintiffs to close their business. On its motion, defendant established that those alleged economic injuries were not a foreseeable [*2]consequence of defendant's alleged negligent maintenance of its truck and, thus, the connection between defendant's activities and plaintiffs' economic losses is too tenuous and remote to permit recovery (see generally Dunlop Tire & Rubber Corp. v FMC Corp., 53 AD2d 150, 154-155 [4th Dept 1976]). Inasmuch as plaintiffs, in opposition to the motion, failed to raise an issue of fact on the issue of proximate causation, we conclude that defendant is entitled to summary judgment dismissing the complaint (see generally Zuckerman v City of New York, 49 NY2d 557, 562 [1980]).
Entered: April 30, 2021
Mark W. Bennett
Clerk of the Court